UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  AHMED BABUL and NAFIEW AHMED,                             :
                                                            :
                              Plaintiffs                    :   **MEMORANDUM DECISION &**
                                                            :   **ORDER**
              - against -                                   :
                                                            :   17-cv-5993 (BMC)
  DEMTY ASSOCIATES LIMITED                                  :
  PARTNERSHIP, FAHIM ROUFAIL,                               :
  ANDREW ROUFAIL, DANIEL ROUFAIL,                           :
  HILLCREST OWNERS ASSOC. INC.,                             :
  BOARD OF HILLCREST OWNERS                                 :
  ASSOC., REZAUL JAMEE, FAYEZULLA                           :
  BABUL, MR. ALAM, SUBARMA                                  :
  SENGUPTA and CHANDAN SENGUPTA,                            :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiffs Ahmed Babul and Nafiew Babul (father and son, respectively) brought this suit alleging that defendants discriminated against Ahmed on the basis of his disability and age by refusing to sell to them either of two apartment units. Plaintiffs' claims are directed at three sets of defendants: (1) the "Demty Defendants" (Demty Associates Limited Partnership, Fahim Roufail, Andrew Roufail, and Daniel Roufail), who initially owned the disputed units; (2) the "Hillcrest Defendants" (Hillcrest Owners Association, Inc., Board of Hillcrest Owners Association, Rezaul Jamee, Fayezulla Babul, and Shake Ahmed (a/k/a "Mr. Alam")), who, along with Fahim and Andrew Roufail, comprised the cooperative corporation for the building containing the units; and (3) the "Senguptas" (Subarma Sengupta and Chandan Sengupta), who eventually purchased one of the units.

The Hillcrest Defendants and the Demty Defendants have moved, respectively, to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Hillcrest Defendants' motion is denied, and the Demty Defendants' motion is granted in part and denied in part.

I.  **Hillcrest Defendants' Rule 12(b)(6) Motion**

    **A. Summary of Complaint**

The complaint alleges that in December 2015, Nafiew attempted to purchase either of two units – "D-23" or "E-7" – from the Demty Defendants for Ahmed (his father). Plaintiffs claim that Andrew Roufail, on behalf of Demty Associates, refused to sell either of the apartments to Nafiew, and explained his refusal by claiming that if Ahmed lived in either, "[it] would make the building look like a nursing home." He allegedly said that because "his family company (Demty) owned multiple apartments in the building, [] a sale to the old, disabled, and handicapped plaintiff would bring the market value of Demty Associates' other apartments in the building [] down." Roufail indicated to Nafiew that he conferred with the members of the Hillcrest board, "and that all agreed it would hurt the market value of their remaining apartments if they sold to an older and disabled buyer."

Later, in January, plaintiffs approached the Senguptas, who had bought four units in the building (including D-23) from the Demty Defendants, about purchasing one of them. Plaintiffs claim that the Senguptas spoke with the members of the Hillcrest Board, who

> agreed that it would be a bad decision to sell plaintiff[s] the property, because [Ahmed] appeared to [be] old, sickly and disabled; and that it would decrease the value of the remaining apartments that the Sengupta family and Roufail family had in the building, if they were to sell to [the] visibly disabled and older plaintiff.

Plaintiffs also allege that defendants breached the warranty of habitability with regard to D-23, pointing to broken windows, broken locks, peeling paint, broken kitchen cabinets, and mold. Plaintiffs claim that they gave the Demty Defendants notice of these conditions, but that the defendants did not attempt to rectify them.

Based on these allegations, plaintiffs allege claims for violation of the Fair Housing Act (the "FHA"), 42 U.S.C. § 3601, *et seq*.; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, *et seq.*; and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-107 *et seq*.[1]

### B. Discussion

To defeat a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Therefore, the "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citation omitted). Neither legal conclusions nor "[t]hreadbare recitals of the elements of a cause of action" state a claim because "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79 (citation omitted). Further, "[w]hile facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions." ECOR Sols., Inc. v. Malcolm Pirnie, Inc., No. 1:02CV01103, 2005 WL 1843253, at *3 (N.D.N.Y. July 29, 2005).

---

[1] In their opposition to the motion to dismiss, plaintiffs have withdrawn their breach of the warranty of habitability claim against the Hillcrest Defendants.

Plaintiffs allege that on two occasions – when they sought to purchase an apartment first from the Demty Defendants, and then from the Senguptas – the Hillcrest Defendants expressly stated that a sale to Ahmed would hurt the market value of apartments in the building, because of his age and disability. Plaintiffs do not allege that the Hillcrest Defendants officially terminated or blocked either proposed sale.

The FHA, however, "applies broadly to '*any* notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates' a discriminatory preference on prohibited grounds." United States v. Space Hunters, Inc., 429 F.3d 416, 424 (2d Cir. 2005) (citing 42 U.S.C. § 3604(c)). Furthermore, the statute's reach is not limited "to statements that directly effect a housing transaction." Id.

Plaintiffs have plausibly alleged that the Hillcrest Defendants, succumbing to the Demty Defendants (two of whom are on the Hillcrest board), *de facto* rejected the first proposed sale. The Hillcrest board was obviously positioned to scuttle any decision to sell by merely signaling disapproval – which is what it allegedly did. In doing so, it positioned itself to later claim that it had not actually rejected plaintiffs. But as noted above, the FHA does not require affirmative conduct; allegations of discriminatory statements by those in a position to influence sale or rental decisions are actionable, and there is no credible argument that the board's negative response to the proposed sale could not be at least influential, if not dispositive.

The degree of influence that the Demty Defendants had on the board's decision cannot be adequately addressed on a motion to dismiss. It is as plausible that the Hillcrest Defendants agreed with Andrew's statements as it is that their reported disapproval was really just that of the Demty Defendants who also sat as board members.

Similarly, the complaint plausibly alleged that the Hillcrest Defendants telegraphed a *de facto* veto when plaintiffs later approached the Senguptas. As with the proposed sale from the Demty Defendants, the Hillcrest Board was in a position here to effectively kill the transaction "off the record."

Accordingly, the Hillcrest Defendants' motion to dismiss is denied.

## II. Demty Defendants' Motion for Summary Judgment

### A. Undisputed Facts

The Demty Defendants and plaintiffs have each submitted Local Rule 56.1 statements. However, neither plaintiffs' response to the Demty Defendants' statement nor their own Local Rule 56.1 statement complies with subdivision (d) of that rule, as many of the purportedly undisputed facts in both are not supported by citations to admissible evidence. Accordingly, the Court accepts those statements in defendants' rule 56.1 submission that are supported by evidence in the record and as to which plaintiffs have cited no contrary evidence. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).[2]

On August 2, 2015, Demty Associates sold the shares allocated to D-23 to Subarna Sengupta by a contract dated the same day. Closing of title occurred on October 6, 2015. Before then, in around 2014, Ahmed had commenced a small claims action against Demty Associates in Queens County, arising out of flooding damage in D-23.

On December 18, 2015, Demty Associates, through its attorney, sent plaintiffs' counsel a letter regarding a proposed settlement of the litigation between them. The terms of the settlement generally required plaintiffs to vacate a default judgment they had obtained against

---

[2] Contrary to plaintiffs' view, the allegations in a complaint are not deemed true on a motion for summary judgment, nor can the non-moving party offer those allegations to raise disputed issues of fact. See St. Pierre v. Dyer, 208 F.3d 394, 404 (2d Cir. 2000).

Demty Associates in small claims court and discontinue that action with prejudice. In exchange, Demty Associates would offer to Nafiew "an opportunity to purchase an apartment" in the building. In the event that the sale of the apartment fell through for any reason, plaintiffs' claims against Demty Associates would not be reinstated. The Demty Defendants have submitted the letter, a draft stipulation of dismissal, and the contract of sale for the apartment. The contract of sale specifies that the offered unit is E-7.[3]

Nafiew never signed the contract of sale, and Ahmed refused to withdraw the small claims action, which eventually settled sometime after December 2015. Demty Associates later sold the shares allocated to E-7 to an unrelated third party.

The Demty Defendants have submitted letters from 2013-14 by Ahmed complaining about the condition of D-23.

**B. Discussion**

Claims of housing discrimination are evaluated under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Mancuso v. Douglas Elliman LLC, 808 F. Supp. 2d 606 (S.D.N.Y. 2011). Under this framework, plaintiffs must first establish a *prima facie* case of discrimination. To do so, a plaintiff must show "(1) that they are members of a protected class; (2) that they sought and were qualified to rent or purchase the housing; (3) that they were rejected; and (4) that the housing opportunity remained available to other renters or purchasers." Mitchell v. Shane, 350 F.3d 39, 47-48 (2d Cir. 2003). The burden then shifts to the defendant to assert a legitimate, nondiscriminatory rationale for the challenged decision. Id.

---

[3] In their Rule 56.1 statement, plaintiffs claim that "[t]his was hardly a real offer to sell," because 1) one of the apartments they believe was offered, D-23 (which, again, was not actually referenced in the proposed settlement), had already been sold; 2) Demty Associates had a right to back out of any sale without consequence; and 3) the Demty Defendants allegedly stated that they never intended to sell to plaintiffs because of Ahmed's disability. These points are argument, not fact, and the Court disregards them on this motion.

at 39. "If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action." Id.

The Demty Defendants are entitled to summary judgment on plaintiffs' federal, state, and city discrimination claims as to the sale of D-23.[4] Uncontroverted evidence shows that the Demty Defendants did not own the shares allocated to D-23 when plaintiffs claim to have approached them regarding a potential sale. The Demty Defendants were in no position to reject plaintiffs if they didn't even own the sought-after apartment.

As to E-7, however, the Demty Defendants have not established that their offer to plaintiffs was *bona fide* and not pretextual. First, under the settlement's terms, the Demty Defendants would have been free to back out of the agreement for any manufactured reason without consequence after securing plaintiffs' voluntary dismissal of the small claims action. It would fully consistent with plaintiffs' theory of the case if the Demty defendants intended to use their board positions and relationship with other board members to block the sale.

Second, without knowing more about the merits and value of plaintiffs' small claims action, it is difficult, if not impossible, to assess the fairness of the Demty Defendants' conditioning of plaintiffs' opportunity to purchase an apartment on their voluntary dismissal of that claim.

In short, although the undisputed evidence shows that the Demty Defendants offered plaintiffs a settlement that appears to provide a chance to purchase an apartment, there is a factual issue as to whether it constituted a genuine offer to sell E-7 at all.

---

[4] It might appear anomalous that the Court is granting summary judgment to the Demty Defendants as to claims about D-23, but not to the Hillcrest Defendants with regard to the same sale. However, the former moved for summary judgment and submitted evidence supporting their motion, whereas the latter moved to dismiss. The different standards for each motion compel different outcomes.

Turning to plaintiffs' allegation of a breach of the warranty of habitability, the Demty Defendants are correct that plaintiffs cannot bring this claim against individual limited liability partners.  See Ederer v. Gursky, 9 N.Y.3d 514, 523, 851 N.Y.S.2d 108 (2007) (New York Partnership Law § 26(b) "eliminated the vicarious liability of a general partner in a registered limited liability partnership . . .").  Accordingly, the claim is dismissed as to the individual Demty Defendants.  But there is no reason plaintiffs cannot proceed with that claim against Demty Associates.

## CONCLUSION

The Hillcrest Defendants' motion to dismiss [26] is denied, and the Demty Defendants' motion for summary judgment [32] is granted in part and denied in part.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       May 8, 2018